**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| MAGO BARCA IP LLC,<br><br>Plaintiff,<br><br>v.<br><br>SK HYNIX INC.,<br><br>Defendant. | Civil Action No. __________<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Mago Barca IP LLC ("Mago Barca" or "Plaintiff") brings this action against Defendant SK hynix Inc. ("SK hynix" or "Defendant") for infringement of United States Patent Nos. 9,177,914 (the "'914 Patent"), 9,530,690 (the "'690 Patent"), 9,984,971 (the "'971 Patent"), 11,410,877 (the "'877 Patent"), and 8,334,170 (the "'170 Patent") (collectively, the "Asserted Patents"). The specific claims identified in Counts I-V below are referred to as the "Asserted Claims." Mago Barca alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.

2. Mago Barca is the sole and exclusive owner of all right, title, and interest in the Asserted Patents and possesses the exclusive right to enforce them, sue for infringement, and recover damages and other relief for past, present, and future infringement.

3. Without authorization from Mago Barca, SK hynix makes, uses, offers to sell, sells, and imports semiconductor memory products that practice the device claims of the ’914, ’971, and ’877 Patents, and imports, offers to sell, sells, and uses products made by the processes claimed in the ’690 and ’170 Patents.

4. The accused products include at least the SK hynix H5UG7HMD83X020R HBM3 SDRAM and other SK hynix HBM products incorporating materially similar TSV, metal-pad, and stacked-die structures and made using materially similar fabrication and stacking processes (the “Accused HBM Products”).

5. The accused products also include at least the SK hynix H5AN8G8NJJR-VKC DDR4 SDRAM, the HMA84GR7DJR4N-XN DDR4 module containing H5AN8G4NDJRXNC 8Gb DDR4 SDRAM devices, and other SK hynix DDR4 products incorporating materially similar source/drain-contact structures (the “Accused DDR4 Products”). The Accused HBM Products and Accused DDR4 Products are referred to collectively as the “Accused Products.”

## THE PARTIES

6. Mago Barca IP LLC is a Texas domestic limited liability company with its principal place of business at 8150 Rasor Boulevard, Suite 210, Plano, Texas 75024.

7. On information and belief, SK hynix Inc. is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business at 2091 Gyeongchung-daero, Bubal-eup, Icheon-si, Gyeonggi-do, Republic of Korea 17336. SK hynix may be served pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

8. SK hynix designs, manufactures, markets, offers for sale, sells, and supplies semiconductor memory products, including DRAM and high-bandwidth-memory products, for customers and markets in the United States.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has specific personal jurisdiction over SK hynix consistent with the United States Constitution and the Texas long-arm statute because SK hynix purposefully serves the United States market for the Accused Products and places or causes the Accused Products to be placed into established channels of distribution with the knowledge and intent that they will be imported, offered for sale, sold, and used throughout the United States, including in Texas and this District. The infringement claims arise from those contacts.

11. On information and belief, SK hynix supplies the Accused Products directly and through subsidiaries, distributors, customers, and other downstream entities for incorporation into servers, accelerators, computers, graphics products, and other electronic systems sold and used in the United States, including Texas and this District. SK hynix provides product information, technical materials, sales resources, and customer support to facilitate the purchase, integration, and use of its semiconductor products in the United States.

12. In the alternative, to the extent SK hynix contends that it is not subject to personal jurisdiction in the courts of general jurisdiction of any State, personal jurisdiction exists under Federal Rule of Civil Procedure 4(k)(2). This action arises under federal law, SK hynix is a foreign corporation, and SK hynix has purposefully established extensive contacts with the United States as a whole by manufacturing and supplying semiconductor memory products for importation, sale, and use in the United States, including the Accused Products.

13. SK hynix Inc. is organized under the laws of the Republic of Korea and is not resident in the United States. Venue is therefore proper in this District under 28 U.S.C. § 1391(c)(3), which provides that a defendant not resident in the United States may be sued in any judicial district.

14. The Supreme Court has held that the patent-venue statute does not provide a venue defense to a foreign corporate defendant, and the Federal Circuit has reaffirmed that rule after the 2011 amendments to § 1391. Brunette Machine Works, Ltd. v. Kockum Industries, Inc., 406 U.S. 706, 714 (1972); In re HTC Corp., 889 F.3d 1349, 1357-60 (Fed. Cir. 2018). Accordingly, SK hynix may be sued for patent infringement in this District without regard to whether it maintains a regular and established place of business here.

15. Venue in this District is thus proper as to SK hynix under 28 U.S.C. § 1391(c)(3) and the governing alien-venue rule.

## FACTUAL BACKGROUND

16. The Asserted Patents concern semiconductor structures and manufacturing processes developed by inventors affiliated with Taiwan Semiconductor Manufacturing Company, Ltd. The patents address structures and processes used in advanced semiconductor devices, including TSV interconnect structures, stacked-device fabrication, and source/drain-contact structures.

17. The United States Patent and Trademark Office duly and legally issued the ’914 Patent, titled “Metal Pad Structure Over TSV to Reduce Shorting of Upper Metal Layer,” on November 3, 2015. A true and correct copy is attached as Exhibit A.

18. The United States Patent and Trademark Office duly and legally issued the ’690 Patent, titled “Metal Pad Structure Over TSV to Reduce Shorting of Upper Metal Layer,” on December 27, 2016. The ’690 Patent is a division of the application that issued as the ’914 Patent. A true and correct copy is attached as Exhibit B.

19. The United States Patent and Trademark Office duly and legally issued the ’971 Patent, titled “Methods of Forming Metal Pad Structures Over TSVs to Reduce Shorting of Upper Metal Layers,” on May 29, 2018. A true and correct copy is attached as Exhibit C.

20. The United States Patent and Trademark Office duly and legally issued the ’877 Patent, titled “Source/Drain Contact Spacers and Methods of Forming Same,” on August 9, 2022. A true and correct copy is attached as Exhibit D.

21. The United States Patent and Trademark Office duly and legally issued the ’170 Patent, titled “Method for Stacking Devices,” on December 18, 2012. A true and correct copy is attached as Exhibit E.

22. Mago Barca owns the Asserted Patents by assignment, including all rights necessary to enforce the Asserted Patents and recover damages for past, present, and future infringement, and has not licensed or otherwise authorized SK hynix to practice them.

23. SK hynix publicly markets HBM3 as high-bandwidth DRAM developed for data-center, supercomputer, and artificial-intelligence applications. SK hynix states that its HBM3 products use stacks of DRAM dies. See https://product.skhynix.com/products/dram/hbm/hbm3.go?appTypCd=APX01.

24. Mago Barca obtained and analyzed representative SK hynix HBM and DDR4 products. The reverse-engineering evidence identifies the structures described below and supports the infringement allegations for the Asserted Claims. Certain manufacturing steps are not directly observable in a completed semiconductor device and are alleged on information and belief based on the resulting structures, technical materials, and the parties’ pre-suit technical exchanges. The examples are illustrative and do not limit the Accused Products or Mago Barca’s infringement theories.

## SK HYNIX'S KNOWLEDGE AND NOTICE

25. On June 11, 2025, Mago Barca, through its licensing representative, provided SK hynix with written notice that certain SK hynix products and fabrication technologies infringed Mago Barca's semiconductor patents and required a license. The notice specifically identified the '690, '971, '170 and '877 Patents, asserted claims, accused fabrication technologies, and representative SK hynix products.

26. The June 11, 2025 notice further identified SK hynix products incorporating the accused TSV metal-pad and source/drain-contact-spacer technologies as infringing the '690, '971, and '877 Patents. The notice also identified SK hynix integrated circuit devices made using the accused device-stacking methods, including multi-chip memory with TSVs, as infringing the '170 Patent.

27. On May 7, 2026, Mago Barca provided SK hynix written notice that SK hynix products and fabrication technologies infringed the '914 Patent. The notice specifically identified the H5UG7HMD83X020R HBM3 SDRAM as an example of an SK hynix product practicing the accused metal-pad-over-TSV structure.

28. Before this action was filed, SK hynix also had actual notice of the '690, '971, '877, '170, and '914 Patent and Mago Barca's infringement contentions. Mago Barca provided SK hynix a claim chart mapping each patent on to SK hynix HBM technology and/or DDR4 technology, as applicable.

29. After receiving these notices, SK hynix participated in repeated technical and licensing discussions concerning the Asserted Patents and the accused technologies. SK hynix therefore knew of the Asserted Patents, Mago Barca's infringement allegations, and the conduct alleged to infringe before Mago Barca filed this action.

30. After receiving these notices, SK hynix continued to make and supply the Accused Products and to import, offer for sale, sell, and use the Accused Products in the United States.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,177,914

31. Mago Barca incorporates the preceding paragraphs as if fully set forth here.

32. SK hynix directly infringes Claims 1, 8, 9, 14, 15, and 17 of the ’914 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and importing the Accused HBM Products without authority.

33. The H5UG7HMD83X020R HBM3 SDRAM is a semiconductor device containing stacked semiconductor dies and TSV structures. Representative reverse engineering identifies a TSV formed in a semiconductor substrate, as required by Claim 1.

What is claimed is:
1. A semiconductor die for bonding with another die, comprising:
a through substrate via (TSV) (A) formed in a substrate of the semiconductor die (B); and




**Fig 1: Cross-Sectional SEM Image of the Top Part of the TSV (Left) and Top View Image of the Pad**

34. The reverse engineering further identifies a slotted metal pad directly over the TSV. The pad has a larger top surface area than the TSV and includes metal bars separated by dielectric-filled slots, as required by Claim 1.

a slotted metal pad (C) formed directly over the TSV, wherein the slotted metal pad has a top surface area (D) larger than a top surface area of the TSV (E), wherein the slotted metal pad has a plurality of metal bars (F) in a first direction (G), and wherein slots between the plurality of metal bars are filled with a dielectric material to form dielectric bars (H).




**Fig 2: Cross-Sectional SEM Image of the Top Part of the TSV (Left) and Top View Image of the Pad**

35. The identified structure includes a metal bar extending perpendicular to and connecting the other metal bars, as required by Claim 8.

8. The die of claim 1, wherein a third metal bar (I) in a second direction perpendicular to the first direction (J) connects to the plurality of metal bars.




**Fig 3: Cross-Sectional SEM Image of the Top Part of the TSV (Left) and Top View Image of the Pad**

36. On information and belief, the metal bars include a copper diffusion-barrier layer and copper-containing gap fill, as required by Claim 9.

9. The die of claim 1, wherein the plurality of metal bars include a copper diffusion barrier layer (K) and a copper-containing gap-fill layer (L).




**Fig 4: Cross-Sectional SEM Image of the Top Part of the TSV (Left) and Top View Image of the Pad**

37. The HBM3 dies include microelectronic devices formed on the substrate, as required by Claim 14.

14. The die of claim 1, wherein at least one microelectronic device is formed on the substrate (O).




**Fig 7: Cross-Sectional SEM Image of the TSVs (Left) and Top View Image of the Pad**

38. The dielectric bars have widths greater than approximately 0.4 micrometers, as required by Claim 15.

15. The die of claim 1, wherein the dielectric bars have respective widths greater than about 0.4 µm (P).




**Fig 8: Top View Image of the Pad**

39. The slots between the metal bars contain solid dielectric material, as required by Claim 17.

17. The die of claim 1, wherein the slots between the plurality of metal bars are filled with a solid dielectric material (T).




**Fig 10: Cross-Sectional SEM Image of the TSVs (Left) and Top View Image of the Pad**

40. SK hynix's infringement has been willful. SK hynix continued the accused conduct after receiving detailed written notice identifying the '914 Patent, asserted claims, accused technology, and a representative accused HBM3 product.

41. Mago Barca has suffered and continues to suffer damages from SK hynix's infringement of the '914 Patent and is entitled to compensation no less than a reasonable royalty, together with interest and costs.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 9,530,690

42. Mago Barca incorporates the preceding paragraphs as if fully set forth here.

43. Claims 1, 2, and 3 of the '690 Patent claim methods of forming interconnect structures over a TSV. On information and belief, SK hynix uses those methods to manufacture the Accused HBM Products outside the United States and then imports, offers to sell, sells, and uses those products in the United States.

44. SK hynix infringes Claims 1, 2, and 3 of the '690 Patent under 35 U.S.C. § 271(g) by importing into the United States, offering to sell, selling, and using within the United States products made by the patented processes. SK hynix also directly infringes under 35 U.S.C. § 271(a) to the extent it performs any claimed process within the United States.

45. Representative reverse engineering shows the physical structures produced by the claimed process, including a substrate with a TSV and a dielectric layer over the TSV. On information and belief, and based on the resulting layer geometry and materials identified by reverse engineering, SK hynix forms those structures by the steps recited in Claim 1.

What is claimed is: 1. A method of forming interconnect structures over a through substrate via (TSV) on a substrate, comprising steps of: providing the substrate (A) with the TSV (B); forming a dielectric layer (C) over the TSV;




**Fig 1. Cross-Sectional SEM Image of the Top Part of the TSV (Left) and Top View Image of the Pad**

46. The resulting product contains connected openings exposing portions of the TSV, with dielectric structures among the openings. On information and belief, SK hynix forms openings in the dielectric layer that produce this structure, as recited in Claim 1.

forming openings in the dielectric layer (D), wherein the openings are connected and expose portions of the TSV (E), wherein there are dielectric structures of the dielectric layer amongst the openings (F);




**Fig 2: Cross-Sectional SEM Image of the Top Part of the TSV (Left) and Top View Image of the Pad**

47. The openings contain a diffusion-barrier layer lining the openings and conductive material filling the openings. On information and belief, SK hynix deposits the barrier and conductive layers to produce that observed structure, as recited in Claim 1.

depositing a diffusion barrier layer (G) to line the openings;
depositing a conductive layer (H) to gap-fill the openings; and




**Fig 3: Top edge of a base logic TSV connect to metal 2, SEM cross-section**

48. The completed structure contains a planar slotted metal pad that does not exhibit a significant dishing effect near the center of the slotted metal pad. On information and belief, SK hynix planarizes the conductive and diffusion-barrier layers outside the openings to produce that structure, as recited in Claim 1.

planarizing the conductive layer and the diffusion barrier layer (I) to remove the conductive layer and the diffusion barrier layer outside the openings to form a slotted metal pad (J), wherein the step of planarizing does not cause significant dishing effect near a center of the slotted metal pad (K).




**Fig 4: Top View Image of the Pad (Left) and Top edge of a base logic TSV connect to metal 2, SEM cross-section (Right)**

49. The slotted metal pad has a larger top surface area than the TSV and includes metal bars separated by dielectric bars, as required by Claim 2.

2. The method of claim 1, wherein the slotted metal pad has a top surface area (L) larger than a top surface area of the TSV (M) , wherein the slotted metal pad has a plurality of metal bars (N) in a first direction, and wherein slots between the plurality of metal bars are filled with the dielectric layer to form dielectric bars (O) .




**Fig 5: SEM plan view at metal 2 over TSV**

50. An interconnect structure is formed directly over the slotted metal pad, as required by Claim 3.

3. The method of claim 1, further comprising:
forming the interconnect structure directly over the slotted metal pad (P).




**Fig 6: Cross-Sectional SEM Image of the Top Part of the TSV (Left) and Top View Image of the Pad**

51. The Accused HBM Products are products made by the processes claimed in the ’690 Patent. Subsequent stacking, packaging, and assembly do not materially change the accused TSV and slotted-metal-pad structures, and those structures are not trivial or nonessential components of the Accused HBM Products.

52. SK hynix’s infringement has been willful because it continued the accused conduct after receiving detailed written notice identifying the ’690 Patent, asserted claims, accused technology, and representative products.

53. Mago Barca has suffered and continues to suffer damages from SK hynix’s infringement of the ’690 Patent and is entitled to compensation no less than a reasonable royalty, together with interest and costs.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 9,984,971

54. Mago Barca incorporates the preceding paragraphs as if fully set forth here.

55. SK hynix directly infringes Claims 1, 2, 3, 4, 7, and 9 of the ’971 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and importing the Accused HBM Products without authority.

56. Representative reverse engineering identifies a semiconductor die containing a TSV formed in its substrate, as required by Claim 1.

What is claimed is:
1. A semiconductor device including a semiconductor die for bonding with another die, the semiconductor die comprising:
a through substrate via (TSV) (A) formed in a substrate of the semiconductor die (B); and




**Fig 1: Cross-Sectional SEM Image of the Top Part of the TSV (Left) and Top View Image of the Pad**

57. The analysis identifies a pad directly over the TSV with alternating metal bars and dielectric bars in a region directly over the TSV, as required by Claim 1.

a pad (C) formed directly over the TSV, wherein the pad comprises a plurality of metal bars extending in a first direction (D), the plurality of metal bars being separated by a plurality of dielectric bars extending in the first direction (E), the plurality of metal bars and the plurality of dielectric bars having an alternating pattern in a region directly over the TSV (F).




**Fig 2: SEM plan view at metal 2 over TSV**

58. The Accused HBM Products contain an interconnect structure electrically connected to the pad, as required by Claim 2.

2. The semiconductor device of claim 1, further comprising an interconnect structure electrically connected to the pad (G).




**Fig 3: Cross-Sectional SEM Image of the Top Part of the TSV (Left) and Top View Image of the Pad**

59. A second die is bonded to the interconnect structure in the stacked HBM device, as required by Claim 3.

3. The semiconductor device of claim 2, further comprising a second die bonded to the interconnect structure (H).




**Fig 4: Stacked DRAM dies with TSVs and microbumps connections, SEM cross-section**

60. The pad width exceeds the TSV width when measured in a direction orthogonal to the longitudinal direction of the accused metal bars, as required by Claim 4.

4. The semiconductor device of claim 1, wherein the TSV has a first width measured in a second direction orthogonal to the first direction (I), and the pad has a second width measured in the second direction (J), the second width being greater than the first width (K).




**Fig 5: SEM plan view at metal 2 over TSV**

61. At least two metal bars are connected by an orthogonal metal strip, as required by Claim 7.

7. The semiconductor device of claim 1, wherein at least two metal bars of the plurality of metal bars extending are connected by a metal strip (M), the metal strip extending in a second direction (N) orthogonal to the first direction.




**Fig 7: SEM plan view at metal 2 over TSV**

62. On information and belief, the plurality of metal bars include a barrier layer on sidewalls of the metal bars, as required by Claim 9.

9. The semiconductor device of claim 1, wherein the plurality of metal bars respectively include a barrier layer on sidewalls of the metal bars (P).




**Fig 9: Cross-Sectional SEM Image of the Top Part of the TSV (Left) and Top View Image of the Pad**

63. SK hynix's infringement has been willful because it continued the accused conduct after receiving detailed written notice identifying the '971 Patent, asserted claims, accused technology, and representative products.

64. Mago Barca has suffered and continues to suffer damages from SK hynix's infringement of the '971 Patent and is entitled to compensation no less than a reasonable royalty, together with interest and costs.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 11,410,877

65. Mago Barca incorporates the preceding paragraphs as if fully set forth here.

66. SK hynix directly infringes Claims 1, 2, 4, 7, and 9 of the '877 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and importing the Accused DDR4 Products without authority.

67. Representative reverse engineering of the HMA84GR7DJR4N-XN DDR4 module and its H5AN8G4NDJRXNC DDR4 SDRAM devices identifies transistor gate structures over the silicon substrate and source/drain regions adjacent to those gate structures, as required by Claim 1.

What is claimed is: 1. An integrated circuit device comprising: a gate structure (A) disposed over a substrate (B); a source/drain feature (C) disposed adjacent to the gate structure;




**Fig 1: Cell Array in the BL direction – TEM cross-section**

68. The TEM analysis identifies a conductive contact to a transistor source/drain region extending through an interlayer dielectric and a contact etch-stop layer to the source/drain region, as required by Claim 1.

a source/drain contact (D) disposed over the source/drain feature, wherein the source/drain contact extends through an interlayer dielectric layer (E) and a contact etch stop layer (F) to the source/drain feature; and




**Fig 2: Bit line contact, Storage node contact and Bit line – TEM Cross-section**

69. The TEM analysis further identifies a source/drain-contact spacer between the contact sidewall and the interlayer dielectric. A portion of the contact etch-stop layer remains between the spacer and the source/drain feature so that the spacer does not physically contact the source/drain feature, as required by Claim 1.

a source/drain contact spacer (G) disposed between sidewalls of the source/drain contact and the interlayer dielectric layer, wherein a portion of the contact etch stop layer (H) is disposed between the source/drain contact spacer and the source/drain feature, such that the source/drain contact spacer does not physically contact the source/drain feature (I).




**Fig 3: Bit line contact, Storage node contact and Bit line – TEM Cross-section**

70. The source/drain-contact spacer and contact etch-stop layer contain the same material, as required by Claim 2.

2. The integrated circuit device of claim 1, wherein a material of the source/drain contact spacer is the same as a material of the contact etch stop layer (J).




**Fig 4: Bit line contact, Storage node contact and Bit line – TEM Cross-section**

71. The source/drain-contact spacer is a silicon-nitride layer, as required by Claim 4.

4. The integrated circuit device of claim 1, wherein the source/drain contact spacer is a silicon nitride layer (K).




**Fig 5: Bit line contact, Storage node contact and Bit line – TEM Cross-section**

72. The source/drain-contact spacer tapers along the source/drain contact, as required by Claim 7.

7. The integrated circuit device of claim 1, wherein a thickness of the source/drain contact spacer is tapered along the source/drain contact (L).




**Fig 6: Bit line contact, Storage node contact and Bit line – TEM Cross-section**

73. The portion of the contact etch-stop layer between the spacer and source/drain feature measures approximately 3 nanometers in the representative TEM analysis, less than the approximately 10-nanometer maximum recited in Claim 9.

9. The integrated circuit device of claim 1, wherein a thickness of the portion of the contact etch stop layer is less than or equal to about 10 nm (M).




**Fig 7: Bit line contact, Storage node contact and Bit line – TEM Cross-section**

74. SK hynix's infringement has been willful because it continued the accused conduct after receiving detailed written notice identifying the '877 Patent, asserted claims, accused technology, and representative products.

75. Mago Barca has suffered and continues to suffer damages from SK hynix's infringement of the '877 Patent and is entitled to compensation no less than a reasonable royalty, together with interest and costs.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 8,334,170

76. Mago Barca incorporates the preceding paragraphs as if fully set forth here.

77. Claims 1, 3, and 4 of the '170 Patent claim methods for fabricating stacked semiconductor devices using successive devices, TSV structures, coating materials, and a common curing process. On information and belief, SK hynix uses the claimed methods to manufacture Accused HBM Products outside the United States and then imports, offers to sell, sells, and uses those products in the United States.

78. SK hynix infringes Claims 1, 3, and 4 of the '170 Patent under 35 U.S.C. § 271(g) by importing into the United States, offering to sell, selling, and using within the United States products made by the patented processes. SK hynix also directly infringes under 35 U.S.C. § 271(a) to the extent it performs any claimed process within the United States.

79. Representative reverse engineering of the H5UG7HMD83X020R HBM3 SDRAM shows a base die and multiple stacked DRAM dies with TSV structures, conductive bumps, and coating material between successive dies. For purposes of the asserted claims, the base die is the first device, DRAM Die 1 is the second device, DRAM Die 2 is the third device, and DRAM Die 3 is the fourth device.

1. A method for fabricating a semiconductor device, comprising:
providing a first device (A) including a first through-silicon via (TSV) structure (B);
forming a first coating material (C) over the first device, wherein the first coating material continuously extends over the first device and covers the first TSV structure (D);



80. On information and belief, SK hynix provides the base die as a first device including a first TSV structure and forms a first coating material that continuously extends over the base die and covers the first TSV structure. SK hynix provides DRAM Die 1 as a second device over the base die and within the first coating material. DRAM Die 1 includes a second TSV structure and conductive bumps positioned within the first coating material.

providing a second device (E) over the first device and within the first coating material, wherein the second device includes a second TSV structure (F) and a plurality of conductive bumps (G), wherein providing the second device includes positioning the plurality of conductive bumps within the first coating material (H);




forming a second coating material over the second device (I), wherein the second coating material continuously extends over the second device and covers the second TSV structure (J);



81. On information and belief, SK hynix forms a second coating material that continuously extends over DRAM Die 1 and covers its TSV structure, and then provides DRAM Die 2 as a third device over the second coating material. DRAM Die 2 includes a third TSV structure. SK hynix pre-treats the first and second coating materials and thereafter cures them in the same process, as recited in Claim 1.

providing a third device (K) over the second coating material, wherein the third device includes a third TSV structure (L);
pre-treating the first and second coating materials (M); and
thereafter, curing the first and second coating materials in a same process (N).




82. The base die, DRAM Die 1, and DRAM Die 2 are each semiconductor dies, as required by Claim 3.

3. The method of claim 1, wherein the first, second, and third devices are each dies (R).



83. Representative Accused HBM Products contain DRAM Die 3 as a fourth device positioned over a third coating material formed over DRAM Die 2. DRAM Die 3 includes a fourth TSV structure. On information and belief, SK hynix cures the third coating material in the same process as the first and second coating materials, as recited in Claim 4.

4. The method of claim 3, including: providing a fourth device (S) over a third coating material formed over the third device (T), wherein the fourth device includes a fourth TSV structure (U); and wherein the curing includes curing the third coating material in the same process as the first and second coating materials (V).




84. Without conceding that any limitation is not literally satisfied, Mago Barca alleges in the alternative that SK hynix infringes Claims 1, 3, and 4 of the ’170 Patent under the doctrine of equivalents. To the extent any step of SK hynix’s accused manufacturing process differs from a claimed limitation, the difference is insubstantial. For each such limitation, the accused process performs substantially the same function, in substantially the same way, to achieve substantially the same result, including by positioning conductive bumps within coating materials between successive TSV-containing dies, pre-treating the coating materials, and thereafter curing multiple coating materials in the same process to produce a stacked semiconductor device.

85. The Accused HBM Products are products made by the processes claimed in the ’170 Patent. Subsequent packaging and assembly do not materially change the stacked semiconductor devices produced by the claimed processes, and those devices do not become a trivial and nonessential component of another product.

86. SK hynix's infringement of the '170 Patent has been willful. Before this action was filed, SK hynix had received Mago Barca's claim chart for the '170 Patent and exchanged detailed technical positions with Mago Barca regarding the asserted infringement, including through written correspondence dated June 11, 2025.

87. Mago Barca has suffered and continues to suffer damages from SK hynix's infringement of the '170 Patent and is entitled to compensation no less than a reasonable royalty, together with interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Mago Barca respectfully requests that the Court enter:

a. A judgment that SK hynix has infringed the Asserted Claims;

b. A judgment that SK hynix's infringement has been willful;

c. An award of damages adequate to compensate Mago Barca for SK hynix's infringement, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

d. An award of enhanced damages under 35 U.S.C. § 284;

e. A finding that this case is exceptional and an award of Mago Barca's reasonable attorneys' fees under 35 U.S.C. § 285;

f. An award of pre-judgment and post-judgment interest and Mago Barca's costs;

g. An accounting and supplemental damages for any infringement not included in the damages awarded at trial, through entry of judgment;

h. An ongoing royalty for any post-judgment infringement of the Asserted Claims; and

i. Any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mago Barca demands a trial by jury on all issues so triable by right.

Dated: October 8, 2026

Respectfully submitted,

*/s/ Robert M. Harkins*

Robert M. Harkins
CA Bar No. 179525
**Cherian Harkins Dunham**
555 12th Street, Suite 2140
Oakland, CA 94607
bobh@chdlaw.com
Telephone: (510) 944-0190

Stephanie R. Wood
TX Bar No. 24057928
**Cherian Harkins Dunham**
1901 L St. NW, Suite 700
Washington, DC 20036
stephaniew@chdlaw.com
Telephone: (202) 838-1560

**ATTORNEYS FOR PLAINTIFF MAGO BARCA IP LLC**